## Brunswick-Balke Collender Co., Inc., v. Owens.

Oct. 31, 1944.

H. C. Gillis and Robert L. Smith for appellant.

H. H. Owens for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Reversing on appeal, affirming on cross appeal.

J. C. Mills purchased some bowling alley equipment from the appellant in 1940. H. H. Owens furnished him the money with which to make the first payment on it, and he executed a mortgage to the appellant Company for the balance of the purchase price, which amounted to some $4300. The equipment was installed in the second floor of a building owned by Mr. Owens in Corbin. Mills was to pay him $150 a month rental under a five year lease. The venture proved to be an unprofitable one, and Mills defaulted in his payments to the Company after reducing the balance to about $3600. He was in arrears on his rent also. In the fall of 1941 Mills and Owens offered to permit the Company to repossess the

equipment provided it would cancel its claim against Mills for the unpaid balance. The Company refused this offer and advised the parties it would resort to court action to enforce its mortgage. Mr. Owens was made a party defendant in order that he might assert his second mortgage against Mills. By amended counterclaim he sought to hold the Company liable for rent for the period subsequent to the date he and Mills offered to permit the Company to repossess the equipment. The Company became the purchaser of the equipment for the sum of $2000 at the sale held in June, 1942. The equipment was removed from the building in December, 1942, under an arrangement whereby the Company executed bond in favor of Mr. Owens for any rent for which it might be held liable on the final determination of the action. The order confirming the sale was entered January 8, 1943. Final judgment went in favor of Mr. Owens in the amount of $540 on his counterclaim.

On the appeal the Company is insisting there was no basis for holding it liable for rent in any amount. On the other hand Mr. Owens' cross appeal is based upon the contention that he is entitled to his full claim of $1990.

At no time was there any agreement between the Company and Mr. Owens which might be deemed to constitute the relationship' of landlord and tenant. Mills was the tenant, and while he rented the building from Mr. Owens prior to the time the equipment was placed therein, title had been conveyed to him and the mortgage for the balance of the purchase price was of record before the equipment was placed in the building. KRS 383.080 expressly provides that all valid liens upon personal property of the lessee created before the property is taken upon the leased premises shall prevail against a distress warrant or attachment for rent. Mercantile Realty Co. v. Allen Edmonds Shoe Corporation, 263 Ky. 597, 92 S. W. 2d 837. There is no basis, therefore, for the claim of a landlord's lien for rent against the Company.

This leaves the question as to whether there was an implied contract for rent because the Company permitted the property to remain in Mr. Owens' building after he and Mills had agreed to its removal upon the cancellation of the balance of the mortgage. The Company had the legal right to force the sale of the property

in its effort to obtain the balance of the purchase price. There is nothing in the record indicating any dilatory action on its part. Legal title did not vest in it until after the sale was confirmed in January, 1943. City of Henderson v. Ashby, 179 Ky. 507, 200 S. W. 931, 14 A. L. R. 1018; Overstreet v. Grinstead's Adm'r, 283 Ky. 73, 140 S. W. 2d. 836. However, we have noted the circumstances under which the property was removed from the building a few weeks prior to that time. Under the facts and circumstances presented by the record we are of the opinion Mr. Owens should have made his demands for rent against Mills, the tenant and owner of the property until it was finally adjudged otherwise.

It follows, therefore, that the judgment should be reversed on the appeal and affirmed on the cross appeal, with directions that it be set aside and for the entry of a judgment in conformity with this opinion.

Whole Court sitting.